IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)　　　　　　MDL 875

SAMANTHA LYMAN, et al.　　　　:
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:　　EDPA
　　　　　　　　　　　　　　　　:　　Civil Action No. 09-62999
UNION CARBIDE CORPORATION, et al. :

**MEMORANDUM ORDER**

　　　　This case was referred to the MDL panel for remand because discovery was complete and the court denied the defendants' motions for summary judgment.  Defendants Union Carbide Corporation and Montello, Inc. objected to the remand for two reasons: (1) the court had not yet ruled on objections to the Order of the Magistrate Judge denying defendants' Renewed Motion to Exclude Testimony of Plaintiffs' Witnesses ( Doc. 60); and (2) there were "outstanding discovery disputes."  By Order dated August 14, 2012, the Honorable Eduardo C. Robreno overruled defendants' objections.  (Doc. 98.)  In the same Order, Judge Robreno requested that a Magistrate Judge meet with the parties to resolve the discovery disputes.  By Order dated September 10, 2012, Judge Robreno referred the discovery issues to the undersigned.  (Doc. 107.)

　　　　AND NOW, this 3rd day of October, 2012, after a hearing held today and consideration of argument of counsel for plaintiffs and defendants, it is hereby

**ORDERED**

　　　　1.　　No later than November 5, 2012, plaintiffs shall supplement the disclosure statement concerning the testimony of plaintiff Robert Lyman's treating physician, Guy Foster,

M.D.

2. Plaintiffs' request for leave to replace retiring expert Kenneth Cohen with supplemental testimony from current expert Dr. Richard Cohen, is granted. Plaintiffs may extend the scope of Dr. Richard Cohen's testimony to include that which Mr. Kenneth Cohen was to provide. Plaintiffs shall produce and serve such supplemental report, in compliance with Fed. R. Civ. P. 26, by November 5, 2012. Plaintiffs shall produce Dr. Cohen for deposition at a mutually agreeable date and time, but no later than December 31, 2012.

3. Defendants' request for leave to take the deposition of plaintiffs' expert Dr. William Salyer is granted to the extent that defendants may depose Dr. Salyer regarding his supplemental report dated February 9, 2011. Such deposition shall comply with the Federal Rules of Civil Procedure and shall be completed at a mutually agreeable date and time, but no later than December 31, 2012.

4. Defendants' request to reconvene the deposition of Dr. Sam Hammar which was adjourned before its completion is denied. Defendants adjourned the deposition in June 2010 when it became apparent that Dr. Hammar had authored an expert report that had not been previously produced to defendants. Plaintiffs produced the report in question shortly after the adjournment of the deposition. However, defendants did not request that Dr. Hammar's deposition be reconvened, before the deadline for expert depositions which was November 30, 2010.

5. The parties at the hearing today agreed that a Suggestion of Remand should be

entered after the above-listed discovery items are completed, but no later than December 31, 2012.

                                              BY THE COURT:

                                              ____/s/ Thomas  J. Rueter_____  
                                              THOMAS J. RUETER  
                                              United States Magistrate Judge